# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1736V
Filed: October 15, 2024

| | |
|---|---|
| JOYCE GRUSKZA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C.,* Memphis, TN for petitioner.
*Traci R. Patton, U.S. Department of Justice,* Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 8, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"). (*Id.*) A dismissal decision was issued on February 24, 2023, finding petitioner had neither demonstrated a Table SIRVA nor a shoulder injury caused-in-fact or significantly aggravated by her vaccination. (ECF No. 75.) On April 25, 2023, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 80.) Petitioner requests a total of $138,133.48 for attorneys' fees and costs, including $115,487.40 for attorneys' fees and $22,646.08 for costs. (*Id.* at 1.) Subsequently, petitioner amended her fee application to reflect additional attorneys' fees

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

and costs relative to supplemental briefing, bringing the total request to $143,091.38. (ECF No. 88, p. 21.)

Initially, respondent filed a response to petitioner's motion on May 9, 2023. (ECF No. 81.)  Respondent stated that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs," but explained that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 1-2.)  Respondent requested that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 3.)

However, on July 10, 2023, petitioner filed supplemental briefs, amending her request for Dr. Srikumaran's expert costs to reflect a requested hourly rate of $1,000.00 per hour and citing *Aycock v. Secretary of Health & Human Services*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023), in support of that requested rate. (ECF Nos. 82, 84.)  Respondent filed a response on January 16, 2024. (ECF No. 85.)  Respondent continued to request that the court exercise its discretion in awarding costs, but urged a case-by-case determination regarding Dr. Srikumaran's rate and stressed that the dismissal decision in this case found Dr. Srikumaran's opinion to be unpersuasive. (*Id.* at 2-3.)  I then permitted the parties an opportunity to present evidence regarding Dr. Srikumaran's rate. (ECF No. 86.)  Petitioner filed several exhibits including information comparable to what was presented in *Aycock*. (ECF No. 87; Exs. 34-40.)  Respondent filed a letter from the Director of the Division of Injury Compensation Programs confirming the rate that respondent pays its experts. (ECF No. 89.)

In *Aycock*, the special master determined that $1,000.00 was a reasonable hourly rate for Dr. Srikumaran's work in that case.  The analysis in *Aycock* has also been accepted by multiple other special masters.  *Jensen v. Sec'y of Health & Human Servs.*, No. 18-1458V, 2024 WL 1056145, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Herron v. Sec'y of Health & Human Servs.*, No. 19-240V, 2024 WL 3042789, at *4 (Fed. Cl. Spec. Mstr. May 24, 2024); *Doe v. Sec'y of Heath & Human Servs.*, No. 20-94V, 2024 WL 3344664, at *5 (Fed. Cl. Spec. Mstr. June 12, 2024).  However, these decisions have been predicated on Dr. Srikumaran's efficiency and the degree to which his opinion was valuable in resolving the case at issue.  *Aycock*, 2023 WL 8869423, at *10 (explaining that "[e]ven though Dr. Srikumaran's hourly rate is higher than what has been paid to date to other experts in the Vaccine Program, he produced a persuasive expert report with supporting medical literature in 4.25 hours, resulting in an overall reasonable fee"); *Jensen*, 2024 WL 1056145, at *2 (agreeing with the *Aycock* analysis as "well-reasoned"); *Herron*, 2024 WL 3042789, at *4 (awarding the requested rate because "Dr. Srikumaran is routinely expeditious in time management and a well credentialed expert in his field"); *Doe*, 2024 WL 3344664, at *5 (awarding costs based on Dr. Srikumaran's credentials coupled with the total hours spent to find the "total bill is reasonable").  Thus, some other decisions have declined to endorse Dr. Srikumaran's high hourly rate for all cases, but have nonetheless found that the overall amount sought may be reasonable under given circumstances.  *E.g.*, *Elmakky v. Sec'y of Health & Human Servs.*, No. 17-2032V, 2024 WL 3160506, at *4 (Fed. Cl. Spec. Mstr. May 22,

2024) (declining to set a rate prospectively but noting the overall cost of $6,050.00 was reasonable given that Dr. Srikumaran's report was "invaluable when reaching an appropriate resolution"); *Grossmann v. Sec'y of Health & Human Servs.*, No.18-13V, 2024 WL 706874, at *2 (Fed. Cl. Spec. Mstr. Jan. 26, 2024) (reducing redundant hours billed by Dr. Srikumaran and finding that the "overall reduced amount is reasonable given the expert's qualifications, the effectiveness of the ultimate work product in resolving this case, and the efficiency with which the reports were produced").

      I have considered the parties' arguments with respect to Dr. Srikumaran's hourly rate in this case.  As noted above, petitioner has filed evidence comparable to what was filed in *Aycock*.  (ECF No. 84; Exs. 33-39.)  In particular, petitioner has filed a report by an executive recruiter regarding market rates for orthopedic experts.  (Ex. 37.)  This report indicates that Dr. Srikumaran's stated rate of $1,000.00 per hour is slightly lower than the average rate for a top tier expert in orthopedic surgery.  Hourly rates for case review among orthopedic surgeons range from $100.00 per hour to $2,500.00 per hour, with an overall average of $663.00 per hour and an average for the top 20% of $1,068.00 per hour.  (*Id.* at 2.)  I agree with the *Aycock* analysis in that, as a general matter, Dr. Srikumaran's credentials support his stated rate as a reasonable reflection of the market for the services he renders.  2023 WL 8869423, at *10.  Therefore, the $1,000.00 rate will be appropriate in at least some cases.  However, I also agree with respondent that Dr. Srikumaran's rate, which is substantially higher than what has historically been awarded in this program, warrants scrutiny based on, *inter alia*, the actual work performed in the case.[3]

      Respondent is correct to observe that I ultimately found Dr. Srikumaran's opinion unpersuasive in this case.  Moreover, I have previously reduced Dr. Srikumaran's hourly rate where his work was not sufficiently helpful to support his high hourly rate.  *Durham*

---

[3] As with attorneys' fees, costs associated with expert work in this program are assessed using the lodestar method.  *Avera ex rel. Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008) (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-01V, 2017 WL 490426, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2017 (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs).  Under that approach, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Avera,* 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  The court may then make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  As the *Aycock* special master explained, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake.  *Aycock*, 2023 WL 8869423, at * 7 (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox ex rel. Wilcox v. Sec'y of Health & Human Servs.*, No.90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).  Thus, expert hourly rates may be reduced based on case-specific performance.  *Frantz v. Sec'y of Health & Human Servs.*, 146 Fed. Cl. 137, 146 (2019) (observing that "prior participation in cases before the Office of Special Masters does not create an assumption of credibility or performance when the quality of testimony is substandard.  Special masters determine the value of an expert's work on an individual case basis." (internal citation omitted)).

*v. Sec'y of Health & Human Servs.,* No. 17-1899V, 2024 WL 4369198 (Fed. Cl. Spec. Mstr. Sept. 6, 2024).[4] However, the primary reason that Dr. Srikumaran's opinion was rejected in this case was because it was premised on an assumption regarding onset that was not preponderantly supported as later determined by my subsequent finding of fact. (ECF No. 75, pp. 22-23.) Critically, that finding of fact resolved contested factual issues that had not yet been adjudicated at the time Dr. Srikumaran prepared his report. Therefore, I do not find that the dismissal in this case in itself counsels a lower hourly rate for Dr. Srikumaran's work. Although Dr. Srikumaran's high hourly rate will be appropriately scrutinized in each case, it will not be reflexively reduced in every case that results in dismissal.

I have also reviewed the remainder of counsel's billing records and requested costs. The request appears reasonable, and I find no cause to reduce the requested hours, rates, or costs.[5] Although the fees and costs in this case are higher than is typically seen in SIRVA cases, petitioner's counsel travelled for a fact hearing and the parties extensively briefed both a finding of fact and the question of entitlement to compensation. The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Petitioner's motion for attorneys' fees and costs is GRANTED and fees and costs are awarded in the requested amount.

**Accordingly, the undersigned awards the total of $143,091.38[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren, Esq.**

---

[4] In *Durham*, I also noted that Dr. Srikumaran had charged a $2,500 additional to the hours billed on his invoice, increasing his effective hourly rate above his stated rate of $1,000.00. *Durham,* 2024 WL 4369198, at *1 n.3. In this case, however, Dr. Srikumaran did deduct the retainer amount from his total hours billed. (ECF No. 82-2, p. 2.)

[5] It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). However, when determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests. . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, including "advanced costs," as well as fees for legal services rendered. Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck ex rel. Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.